**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DAVID ALONZO
LOPEZ-ALVARENGA,

　　　　　　Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　Respondent.

No.　23-1045

Agency No. A202-130-803

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted October 25, 2024
San Francisco, California

Before:　S.R. THOMAS, OWENS, and COLLINS, Circuit Judges.

　　　David Alonzo Lopez-Alvarenga, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals ("BIA") decision

dismissing his appeal from an Immigration Judge's ("IJ") denials of asylum,

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA adopts and affirms an IJ's decision and cites *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), we review both the IJ's and BIA's decisions. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

We review for substantial evidence the factual findings underlying the agency's denials of asylum, withholding of removal, and CAT relief. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We also review adverse credibility determinations for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Ruiz-Colmenares*, 25 F.4th at 748.

Because the parties are familiar with the history of the case, we need not recount it here.

I

Substantial evidence supports the agency's adverse credibility determination, and therefore also supports its conclusion that Lopez-Alvarenga did not meet his burden to prove eligibility for asylum and withholding. *See Garcia v.*

2

*Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014). The IJ must "base credibility determinations on 'the totality of the circumstances, and all relevant factors.'" *Kumar*, 18 F.4th at 1151 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also* 8 U.S.C. § 1229a(c)(4)(C). Such factors include inconsistency—including minor, but not trivial, inconsistencies—and plausibility. *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th Cir. 2022). To support an adverse credibility finding, the IJ must give "specific and cogent reasons" and point to "specific instances in the record," and must give the applicant an opportunity to explain any inconsistencies or plausibility issues. *Id.* (citation omitted) (articulating the requirements as to inconsistencies); *Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) (articulating the same requirements, as to plausibility issues). Inconsistencies need not go to "the heart" of the claim, but those that do are "of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination," such as "[t]estimony about the events leading up to the petitioner's departure."). Not every cited ground must be supported by substantial evidence for the overall adverse credibility determination to be supported. *See Rodriguez-*

3

*Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam); *see also*

*Barseghyan*, 39 F.4th at 1142.

The agency identified inconsistencies between Lopez-Alvarenga's testimony

and his previous statements about the core events underlying his claim for

persecution, as well as related plausibility issues in his testimony. The IJ afforded

Lopez-Alvarenga an opportunity to explain each inconsistency, such as the number

of beatings he received and the alleged use of a weapon by the gang, and the IJ

gave specific and cogent reasons for rejecting Lopez-Alvarenga's explanations.

Together, the inconsistencies are sufficient to support an adverse credibility

determination. *See Shrestha*, 590 F.3d at 1046–47; *Rodriguez-Ramirez*, 11 F.4th at

1094. We therefore need not reach the agency's plausibility findings. *Rodriguez-

Ramirez*, 11 F.4th at 1094.

II

Substantial evidence supports the agency's denial of CAT protection. To

establish eligibility for CAT protection, "a petitioner must show that it is more

likely than not that he or she would be tortured if removed to the proposed country

of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (citation and

internal quotation marks omitted); *see also* 8 C.F.R. § 1208.18; *Villegas v.

Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) ("a petitioner must show that severe

4

pain or suffering was specifically intended"). An applicant who has been found not credible can still prove his CAT eligibility with other record evidence, especially country conditions evidence. *Kamalthas*, 251 F.3d at 1284; *see also Shrestha*, 590 F.3d at 1048 ("An adverse credibility determination is not necessarily a death knell to CAT protection.").

The agency need not "discuss each piece of evidence submitted," but it must give "reasoned consideration" to evidence of particular importance to proving a CAT claim. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). In order to prevail on his CAT claim, Lopez-Alvarenga must establish an individualized risk of torture. *Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

Lopez-Alvarenga claims two potential sources of torture if removed: the Salvadoran government and gang members. As to his allegations of potential torture by the government, the IJ considered the evidence submitted by Lopez-Alvarenga that he would be mistakenly detained and tortured in prison because his facial tattoo appeared to be a gang tattoo and for his criminal record in the United States. There is record evidence that supports Lopez-Alvarenga's assertion that the government might detain him because of his gang tattoo and criminal record, and the record does contain support for his assertion that some prisoners have suffered torture in prison. However, the IJ's opinion considered the claims and provided a

5

reasoned analysis of why the petitioner did not meet his burden of proof to show an individualized risk that he would, more likely than not, suffer torture at the hands of the government.

Similarly, the agency's denial of CAT protection as to Lopez-Alvarenga's claim that he would be tortured by gang members with the acquiescence or consent of the government is supported by substantial evidence. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1114 (9th Cir. 2011) (denying CAT relief and noting, "there is no evidence the gang members" who harmed petitioner "are looking for [him] today"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (finding that "Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient" for a CAT claim). Lopez-Alvarenga did not show that the agency ignored "highly probative" or "potentially dispositive" evidence as to this portion of his CAT claim. *Cole*, 659 F.3d at 771–72.

III

In sum, we deny the petition for review as to Lopez-Alvarenga's asylum, withholding of removal, and CAT claims.

**PETITION DENIED.**

6